Edith Goffen Ackerman, Individually and as Coexecutor of the Estate of Harry Goffen, Deceased, and Walter G. Ackerman, Plaintiffs-Appellees, v. Elmont Lumber Company, a Corporation, Isadore Goffen, as Coexecutor of the Estate of Harry Goffen, Deceased, Leona Cohen Goffen, Robert L. Ackerman, Melanie Goffen, Lawrence Goffen, the State of Israel, and William G. Clark, Attorney General of the State of Illinois, Defendants-Appellees, and Theodore C. Argiris, Guardian Ad Litem for Minor Defendants, Robert L. Ackerman, Melanie Goffen and Lawrence Goffen, Defendants-Appellees, and Arthur Ellis, Successor Trustee Under the Last Will and Testament of Harry Goffen, Deceased, Appellee, and Isadore Goffen, Individually, Defendant-Appellant.

Gen. No. 50,626.

First District, First Division.

April 11, 1966.

477

Peter V. Fazio and Edward Atlas, of Chicago, for appellant.

Schiff, Hardin, Waite, Dorschel & Britton, of Chicago (Milton H. Cohen and Alexander Polikoff, of counsel), for appellee, Edith Goffen Ackerman.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this appeal, defendant Isadore Goffen challenges the order of the Chancellor taxing him with half of the $4,000 fee awarded the guardian ad litem in the proceeding below. Goffen claims that the Chancellor was required to tax the full costs of the litigation, including the guardian ad litem's fee, against the plaintiffs, Edith Goffen Ackerman and her husband Walter G. Ackerman; or, in the alternative, that the Chancellor should not have taxed Goffen for any more than 2½ hours of services rendered by the guardian ad litem.

Harry Goffen died on November 8, 1961, leaving him surviving his son, Isadore Goffen, his daughter, Edith Goffen Ackerman, and three minor grandchildren. In the will, Goffen and Mrs. Ackerman were designated coexecutors, and they were duly appointed. On January

2, 1963, Mrs. Ackerman in her individual capacity and as coexecutor and her husband brought suit, requesting, in part, that the court declare void for uncertainty a trust created by the will of Harry Goffen. Of the three counts in the complaint, only Count III is relevant to this appeal. Those named as defendants included Isadore Goffen, the two minor children of Goffen, and the Ackermans' minor son. Upon motion of the plaintiffs, Theodore C. Argiris, an attorney, was appointed guardian ad litem to represent the interests in the trust of the three minors, over the objection by Goffen that such appointment was unnecessary and that the suit should be dismissed. Goffen, in his answer, denied that the trust created by the will was void for uncertainty or that it required construction or interpretation. The guardian also filed an answer, neither admitting nor denying the allegations of the complaint.

On February 21, 1964, the Ackermans asked leave to file an amendment to their complaint which, among other changes, deleted Count III, the count attacking the validity of the testamentary trust. Leave to amend was granted over objections filed both by Goffen and by the guardian ad litem. Thereafter, Goffen filed a counterclaim requesting virtually the same relief as had been sought in Count III of the plaintiffs' complaint—namely, that the testamentary trust be declared void for uncertainty. The guardian ad litem also filed a counterclaim, seeking a construction and interpretation of the will, and particularly of the provisions creating the trust. The plaintiffs' motions to strike the counterclaims were granted, and the court specifically found that the trust was valid and that no construction of its provisions was presently necessary. No appeal was taken from this order. The guardian ad litem then filed his petition for fees; and after argument of counsel as to who should pay those fees, the court entered an order awarding $4,000 in fees to Argiris and taxing half that amount

to Goffen and half to Mrs. Ackerman. It is from this order that Goffen appeals. It should be noted that no contention is made that the amount of the fee is unreasonable; the dispute concerns only its apportionment among the parties.

Goffen's primary contention that the guardian ad litem's fee should have been taxed entirely against the plaintiff is grounded upon the statutory provision imposing "full costs" upon a plaintiff who dismisses his suit in equity. That provision is Ill Rev Stats, ch 33, § 18 (1963), and reads as follows:

> § 18.   Dismissal of suit—Equity suits.
>
> Upon the plaintiff dismissing his suit in equity, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff full costs; and in all other cases in equity, not otherwise directed by law, it shall be in the discretion of the court to award costs or not; and the payment of costs, when awarded, may be compelled by execution.

Goffen further argues that the $4,000 fee of the guardian ad litem in this case must be included within the costs, by virtue of the provisions of Ill Rev Stats, ch 22, § 6 (1963), which provides in part as follows:

> In any cause in equity it shall be lawful for the court in which the cause is pending to appoint a guardian ad litem, to any infant or insane defendant in such cause, and to compel the person so appointed to act; . . . By such appointment, the person so appointed guardian ad litem, or trustee, shall not be rendered liable to pay costs of suit; and he shall, moreover, be allowed a reasonable sum for his charges as such guardian, or trustee, to be fixed by the court, and taxed in the bill of costs.

██ ██ But the problem with this argument is that the services rendered by the guardian ad litem in this case, upon which the fee of $4,000 is predicated, were primarily legal services. This court takes judicial notice of the fact that lawyers are generally appointed as guardians ad litem, because the services required on behalf of those represented are primarily legal services. It has been settled law in Illinois since Hutchinson v. Hutchinson, 152 Ill 347, 38 NE 926, that while the guardian ad litem's fee for his own services is properly included in costs, the fee of counsel employed by the guardian ad litem is not so included. In that case, a will contest, the trial judge had ordered that the guardian ad litem's own fee and the fees of the attorney employed by the guardian ad litem be paid by the losing party who had requested the appointment of the guardian ad litem. On appeal, the order as to the fees of the attorney hired by the guardian ad litem was reversed, with the Supreme Court holding:

> It would be a heavy tax upon, if not a denial of, justice, to keep out of court a citizen who is advised that he has just ground for relief in equity, without he assumes a liability to pay the fees and expenses of the solicitors and experts employed by his adversaries, in all cases where one or more of the opposite parties in interest happen to be under full age. The general rule that prevails in this State is, that solicitors' fees and experts' fees can not be taxed as costs against unsuccessful litigants in chancery suits, and that the discretion of the chancery courts in awarding costs in such cases is confined to statutory allowances (citing cases). (152 Ill at 355.)

Even more directly on point is Gagnon v. Burton, 107 Ill App 506. In that case, a suit for partition, an at-

torney was appointed as guardian ad litem at the request of the plaintiff. After the action had been pending for six months, the plaintiff voluntarily dismissed her suit. The guardian ad litem's fee was assessed by the trial court, and the plaintiff was ordered to pay the entire amount as part of the costs of the lawsuit. On appeal, this court cited Hutchinson, and held that it was error to tax as costs that portion of the guardian ad litem's fees which represented legal services rendered. The case was remanded for a determination of what portion of the guardian ad litem's fee was for legal services rendered.

■ On the strength of these authorities, therefore, we hold that since the fee of the guardian ad litem in this case was primarily for legal services rendered, the Chancellor was not required to include them within the costs taxed entirely to the plaintiff.

■ Since the Chancellor was not required by the statute to charge against the plaintiff the full amount of the fee of the guardian ad litem, it was within his discretion to apportion that fee between the parties as the equities of the case required. His assessment of that fee in equal portions against Goffen and Mrs. Ackerman is attacked by Goffen as an abuse of that discretion. In support of his contention, Goffen alleges that of the total of 134½ hours of services rendered by the guardian ad litem, only 2½ hours were expended in connection with the counterclaim filed by Goffen. Even if this is accepted as true (although plaintiffs dispute this computation), we cannot agree that the Chancellor abused his discretion by taxing the $4,000 fee equally between the parties. Goffen, who by his answer opposed the plaintiffs' contention that the trust was void, later saw fit to ask for the same relief himself. It was, in fact, Goffen's counterclaim for that relief, and not the plaintiffs' complaint, which eventually necessitated an adverse finding on the merits by the trial

court. We also note, that of the three minors whose interests the guardian ad litem was appointed to represent, two were Goffen's children, and the third, the son of the Ackermans, attained his majority less than a month after the appointment of the guardian ad litem. Under these circumstances, we are convinced that it was not an abuse of discretion by the Chancellor to apportion the fee of the guardian ad litem equally between Goffen and Mrs. Ackerman.

The order of the Chancellor is therefore affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.